UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS E. JOINER,

        Plaintiff,

                                    File No.  1:04-CV-437

v.

                                    HON. ROBERT HOLMES BELL

DREISENGA & ASSOCIATES,
INC.,

        Defendant.

_____/

**O P I N I O N**

Plaintiff Thomas E. Joiner alleges that his former employer, Defendant Dreisenga &
Associates, Inc., violated certain provisions of the Consolidated Omnibus Budget
Reconciliation Act of 1985 (COBRA), specifically the notice provisions codified at 29
U.S.C. §§ 1161-1168, and various provisions of the Health Insurance Portability and
Accountability Act (HIPAA), specifically 42 U.S.C. § 300gg and 29 U.S.C. § 1181.  Before
the Court are the parties cross motions for summary judgment.  The Court must decide two
issues: whether, as a matter of law, Defendant gave Plaintiff sufficient notice of his right to
continue his health care coverage after his retirement and whether Defendant improperly
terminated Plaintiff's medical insurance coverage based upon a pre-existing condition.  For
the reasons stated below, the Court grants in part Defendant's motion for summary judgment

as to Plaintiff's COBRA claim and denies in part Defendant's motion as to Plaintiff's HIPAA claim. Plaintiff's motion for summary judgment is denied.

I.

The following facts are undisputed. Prior to July 1, 1997, Plaintiff was the owner of Joiner Engineering, Inc. On July 1, 1997, Defendant purchased Joiner Engineering pursuant to a written purchase agreement. Under the purchase agreement, Defendant agreed to employ Plaintiff as a principal engineer. Defendant also agreed to provide health insurance coverage to Plaintiff in accordance with the health insurance fringe benefits plan available to Defendant's other employees. The parties also executed a separate employment agreement addressing Plaintiff's employment with Defendant. In pertinent part, the agreement stated that the term of the employment would continue for twelve months, expiring on June 30, 1998, and also restated that Plaintiff was entitled to receive health insurance coverage offered by Defendant.

Plaintiff served as an employee of Defendant for the next twelve months, until June 30, 1998, when he notified Daniel Dreisenga, president of Defendant, of his intent to retire. At that time, Plaintiff and Mr. Dreisenga discussed the continuation of his health insurance coverage beyond his retirement from the company. Mr. Dreisenga informed Plaintiff that he would need to investigate how continued coverage could be provided to Plaintiff. After discussing the issue with Defendant's other board members and with Defendant's insurance agent, the Board of Directors approved a proposal in which Plaintiff

was classified as a "consultant."  Through this arrangement, Plaintiff paid his premium to

Defendant and  received continued coverage under Defendant's group plan.  The resolution

also stated that "[t]he insurance coverage may be terminated at will by the corporation with

30-days advance notice to Mr. Joiner."[1]  Exhibit 11, June 11, 1998, Pl.'s Amend. Br. Summ.

J. (Docket #21).[2]

       After Plaintiff retired, he remained covered under Defendant's group health plan and

continued paying the premiums for the coverage until August 2003.  At that time, Defendant

was in the process of changing health insurance plans and was obtaining enrollment forms

from each employee.  Plaintiff received an enrollment form.  Plaintiff completed the form

and returned it to Defendant.  According to Plaintiff, on the form he disclosed that he

suffered from prostate cancer.  According to Defendant, upon receiving Plaintiff's form the

Human Resources Department noticed that Plaintiff was still receiving health care coverage

---

[1]The parties dispute the intended duration of the continuation coverage.  Defendant asserts that the parties agreed that coverage would continue until Plaintiff turned sixty-five years old.  Plaintiff disagrees, asserting that coverage was to continue for an indefinite period so long as he continued paying his premium.  This dispute is not relevant to Plaintiff's claim that Defendant violated the notice provisions of COBRA.  It is relevant, however, to his claim that his benefits were wrongfully terminated based upon a pre-existing condition.  This dispute will be addressed in that context below.

[2]Although not addressed by either party, the timeline of events in this case appears to be off.  Plaintiff and Defendant agree that their discussion regarding continuation of health insurance benefits occurred on June 30, 1998.  The resolution authorizing continuation of coverage for Plaintiff, however, is dated June 11, 1998.  This suggests that this issue was discussed at an earlier date.  At any rate, there is no dispute that the parties discussed continuation of coverage on June 30, agreed on continued coverage, and Plaintiff received insurance coverage for the following five years.

even though his sixty-fifth birthday had passed the previous year.  On August, 8, 2003, Defendant notified Plaintiff that, in its view, his medical coverage had extended beyond the time originally agreed upon and, therefore, his coverage would be terminated effective September 1, 2003.  Following the termination of his benefits, Plaintiff filed the present lawsuit.

II.

The standards upon which the Court evaluates a motion for summary judgment do not change simply because the parties present cross motions.  *Relford v. Lexington-Fayette Urban County Gov't*, 390 F.3d 452, 456 (6th Cir. 2004).  "The fact that both parties have moved for summary judgment does not mean that the court must grant judgment as a matter of law for one side or the other; summary judgment in favor of either party is not proper if disputes remain as to material facts."  *Taft Broadcasting Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991) (quoting *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1391 (Fed. Cir. 1987)).

Summary judgment is appropriate when the record reveals that there are no issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kalamazoo Acquisitions, L.L.C. v. Westfield Ins. Co.*, 395 F.3d 338, 342 (6th Cir. 2005); *Layne v. Bank One, Ky, N.A.*, 395 F.3d 271, 275 (6th Cir. 2005).  The standard for determining whether summary judgment is appropriate is whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-

4

sided that one party must prevail as a matter of law." *Tucker v. Union of Needletrades, Industrial and Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).  The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in the favor of the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Minadeo v. ICI Paints*, 398 F.3d 751, 756 (6th Cir. 2005).

Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the non-moving party has the burden of coming forward with evidence raising a triable issue of fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Although the facts are viewed in the light most favorable to the non-movant, they may not rest on the mere allegations of his pleadings.  FED. R. CIV. P. 56(e); *Daniel v. Cantrell*, 375 F.3d 377, 381 (6th Cir. 2004).  "A mere scintilla of evidence is insufficient." *Humenny v. Genex Corp.*, 390 F.3d 901, 904 (6th Cir. 2004).  Rather, a party with the burden of proof opposing a motion for summary judgment has the burden to come forth with requisite proof to support his legal claim, particularly where he has had an opportunity to conduct discovery.  *See Cardamone v. Cohen*, 241 F.3d 520, 524 (6th Cir. 2001).

III.

A.     COBRA Notification

COBRA was enacted in response to concern regarding the "growing number of Americans without any health insurance coverage and the decreasing willingness of our

Nation's hospitals to provide care to those who cannot afford to pay." *Burgess v. Adams Tool & Engineering, Inc.*, 908 F. Supp. 473, 475 (W.D. Mich. 1995) (McKeague, J.) (quoting H.R. Rep. No. 24(I), 99th Cong., 2d Sess. 44, U.S. Code Cong. & Admin. News 1986, pp. 42, 622)). COBRA addresses this problem by mandating that a "plan sponsor of each group health plan shall provide, in accordance with this part, that each qualified beneficiary who would lose coverage, under the plan as a result of a qualifying event is entitled, under the plan, to elect, within the election period, continuation coverage under the plan." 29 U.S.C. § 1161(a). Although COBRA only requires that continuation coverage extend for 18 months after the qualifying event, 29 U.S.C. § 1162(2)(A), courts have viewed this as a minimum requirement and a health insurance provider may "offer more favorable coverage to plan participants." *Youngstown Alum. Prod., Inc. v. Mid-West Benefit Services, Inc.*, 91 F.3d 22, 26 (6th Cir. 1996) (citing *Branch v. G. Bernd Co.*, 955 F.2d 1574, 1577 (11th Cir. 1992)).

When a qualifying event occurs, the employer must notify the plan administrator within thirty days of the qualifying event. 29 U.S.C. § 1166(a)(2). The administrator must then notify "any qualified beneficiary" of the qualifying event and the right to continue health insurance coverage. 29 U.S.C. §§ 1162, 1166(a)(4).[3] The parties agree that Plaintiff's

---

[3] Section 29 U.S.C. § 1166(a)(1) also provides that, at the commencement of coverage, written notice must be given to each employee of the continuation coverage right under COBRA. In this case, the first notice is not at issue at this time. Plaintiff has not pled a violation of COBRA based on a failure to provide the first notice. *See* Pl.'s Comp. ¶¶ 4-10 (Docket #1). This opinion only addresses whether Defendant provided the second notice at the time of a qualifying event.

retirement was a qualifying event under COBRA.  In this case, Defendant is both the administrator and employer.  Accordingly, it was Defendant's duty to notify Plaintiff of his right to continuation of coverage.  *See e.g.*, *Smith v. Rogers Galvanizing Co.*, 128 F.3d 1380, 1383 (10th Cir. 1997).  Defendant has the burden of proving adequate COBRA notice was given.  *Id.*

COBRA does not contain specific requirements as to the manner in which notice must be given.  Courts have held that "a good faith attempt to comply with a reasonable interpretation of the statute is sufficient."  *Holford v. Exhibit Design Consultants*, 218 F. Supp.2d 901, 906 (W.D. Mich. 2002) (Enslen, J.) (quoting *Rogers Galvanizing Co.*, 128 F.3d at 1383-84) (collecting cases)).  "[T]he notice given must be sufficient to allow the qualified beneficiary to make an informed decision whether to elect coverage."  *McDowell v. Krawchison*, 125 F.3d 954, 958 (6th Cir. 1997), *see also Lincoln Gen. Hosp. v. Blue Cross/Blue Shield*, 963 F.2d 1136, 1140 (8th Cir. 1992) (holding notice obligation satisfied where qualified beneficiary was "adequately informed of the coverage she was entitled to receive and the money that she owed in order to maintain this coverage.").  Failure to comply with COBRA's notice requirements may result in civil penalties of one hundred dollars per day.  29 U.S.C. § 1132(c)(1).

Defendant argues that it complied with COBRA's notice requirement by providing Plaintiff with oral notification of continued coverage at the time of his retirement.  There is no dispute that, contemporaneous with his retirement, Plaintiff and Defendant's president

discussed continuation coverage.  *See* Dreisenga Dep. at 21, Exhibit 18, Def.'s Br. Summ.

J. (Docket #21); Joiner Dep. at 12-13, Exhibit 19, Def.'s Br. Summ. J.  According to

Plaintiff, he and Mr. Dreisenga discussed the possibility of continuing his health insurance

coverage, with the understanding that he would be responsible for the premium, at the time

of his retirement, June 30, 1998.  Joiner Dep. at 12-13, 16-17.  After determining a method

by which coverage could be continued, Defendant notified Plaintiff that he could receive

continued coverage.  There is also no dispute that Plaintiff accepted Defendant's offer and

remained insured for the following five years.

It is clear from the record that Plaintiff received adequate notice of his ability to

continue his health insurance coverage following his retirement.  Preliminarily, oral

notification of continuation coverage is sufficient to comply with COBRA.  *See Chesnut v.

Montgomery*, 307 F.3d 698, 702 (8th Cir. 2002) ("We agree with the district court that

sufficient oral notice satisfies the notice requirement.").  In order to be sufficient, oral notice

must "allow the qualified beneficiary to make an informed decision whether to elect

coverage." *McDowell*, 125 F.3d at 958.  The parties agree that they discussed continuation

of the coverage Plaintiff held as an employee and agreed Plaintiff would be responsible for

the premium.  This notification allowed Plaintiff to make an informed decision.  *Lincoln

Gen. Hosp.*, 963 F.2d at 1140 (holding adequate notice given where qualified beneficiary

informed of the *coverage she would receive* and the *amount owed to maintain that coverage*).

Further, the fact that Plaintiff agreed to continue his coverage is an indication that he

8

received sufficient information from which to make an informed decision on whether to elect to continue his coverage after retirement. Therefore, it is clear that, as a matter of law, Defendant provided adequate notice to Plaintiff of continuation coverage.

Plaintiff attempts to create a material issue of fact by asserting that Mr. Dreisenga's affidavit and deposition testimony are inconsistent because one says that he orally notified Plaintiff of his continuation coverage options, while the other states that Plaintiff approached him to request continuation. *See* Dreisenga Aff. ¶ 5, Exhibit 3, Def.'s Br. Summ. J. (Docket #11); Dreisenga Dep. at 21, Exhibit 7, Def.'s Br. Summ. J. (Docket #21). This dispute is immaterial and does not preclude summary judgment. Whether Plaintiff approached Dreisenga or vice versa, it is not disputed that at the time of Plaintiff's retirement (the qualifying event under COBRA), the parties discussed continuation coverage. As set forth above, this notice satisfied COBRA. Moreover, the Court does not find any significance in the fact that Mr. Dreisenga may not have referred to "COBRA" during his discussion with Plaintiff. The purpose of COBRA is to provide continued health insurance coverage for a specified time to those who would otherwise lose coverage after a qualifying event. *See* 11 U.S.C. § 1161(a). While Defendant may not have specifically referred to Plaintiff's continuation coverage as a benefit conferred under COBRA, the notice given adequately informed him of his ability to continue coverage. Thus, Plaintiff was able to elect to continue coverage that would otherwise terminate due to his retirement. In short, through Defendant's notification and continuation of Plaintiff's coverage, the purpose of COBRA was served.

9

Moreover, the continued coverage provided to Plaintiff more than satisfied COBRA's requirements. *See* 29 U.S.C. § 1162(1), (2) (defining "continuation coverage" as "coverage which, as of the time the coverage is being provided, is identical to the coverage provided under the plan to similarly situated beneficiaries under the plan with respect to whom a qualifying event has not occurred," and establishing an 18 month time period for continuation coverage). Accordingly, Defendant's motion for summary judgment on count one is granted and Plaintiff's motion for summary judgment on this issue is denied.[4]

B.    Termination of Plaintiff's Health Insurance Coverage

Plaintiff next alleges that Defendant improperly terminated his health insurance coverage based upon a preexisting condition. Under 29 U.S.C. § 1181, a group health plan may impose a preexisting condition exclusion upon a beneficiary under certain conditions. Health insurers may not exclude an individual with a preexisting condition if he has 18 months of creditable coverage with a prior insurer and has not gone without insurance for

---

[4]Because Defendant provided sufficient COBRA notification, there is no need for the Court to assess civil monetary penalties. The Court notes, however, that even assuming Defendant did not provide adequate notice, in order to recover statutory damages there must be a showing of prejudice or bad faith. *See Bartling v. Fruehauf Corp.*, 29 F.3d 1062, 1068-69 (6th Cir. 1994); *Holford*, 218 F. Supp.2d at 908-09 (Enslen, J.); *Burgess*, 908 F. Supp. at 478-79 (McKeague, J.). Although Plaintiff alleges prejudice and bad faith on the part of Defendant, this allegation is difficult to accept in light of the undisputed record in this case. Plaintiff can hardly claim that he has been prejudiced by being permitted to continue his health insurance coverage through Defendant for five years, an amount of time well in excess of the statutorily required period. 29 U.S.C. 1162(2) (18 months). Moreover, Defendant's discussion with Plaintiff regarding continuation and its willingness to provide such coverage cannot be considered bad faith.

more than 63 days. 29 U.S.C. § 1181. Plaintiff alleges that Defendant violated this provision by terminating his health insurance coverage in August 2003 when it discovered he was suffering from prostate cancer.

Defendant argues Plaintiff's health insurance coverage was not terminated based upon any preexisting condition, but rather was discontinued when the Human Resources Department determined that Plaintiff remained covered under Defendant's group health insurance plan beyond the agreed upon termination date. According to Defendant, at the time the parties discussed continuation coverage, it was agreed upon that Plaintiff would continue his coverage during his retirement until he turned sixty-five years old. *See* Dreisenga Dep. at 70, Ex. 12, Def. Br. Summ. J.; Sanford Aff. ¶ 5, Exhibit 5, Def. Br. Summ. J. Defendant contends that in August 2003 during the process of switching insurance carriers it noticed Plaintiff was still receiving coverage despite the fact that his sixty-fifth birthday was the previous year. Upon realizing the oversight, Defendant cancelled Plaintiff's coverage. *See* Sanford Dep. at 72, Exhibit 21, Def. Br. Summ. J. Further, Defendant asserts that it notified Plaintiff of the termination prior to learning of his prostate cancer. *See* Sanford Dep. at 53-54, Exhibit 20, Def.'s Br. Summ. J.; Dreisenga Dep. at 72, Exhibit 21, Def.'s Br. Summ. J.

Plaintiff disputes Defendant's version of the termination of coverage. According to Plaintiff, the agreement on continued coverage did not have a specific termination date. Plaintiff alleges that his coverage was to continue indefinitely so long as he paid his monthly premium. *See* Joiner Dep. at 13, 19. Plaintiff has also provided an affidavit of Millie Miller,

11

a former employee of Defendant, responsible for sending Plaintiff his monthly insurance premium invoice.  Miller states that it was also her understanding that so long as Plaintiff paid his insurance premium, Defendant would insure him.  Miller Aff. ¶ 6, Pl.'s Br. Summ. J. (Docket #24).  Plaintiff also asserts that on August 5, 2003, three days before his insurance was terminated, he personally informed John Sanford, Defendant's director of Human Resources, that he had prostate cancer.  Defendant disputes this allegation with Sanford's deposition testimony that Plaintiff informed him of his cancer diagnosis after Sanford told him Defendant would no longer provide him with health insurance.  Sanford Dep. at 54, 72.

The conflicting testimony regarding the term of the continued coverage as well as the disputed testimony about the events leading to the termination of Plaintiff's medical insurance coverage create a genuine issue of material fact that precludes the entry of summary judgment.  Therefore, the parties cross motions for summary judgment on this issue are denied.

Accordingly, Defendant's motion for summary judgment is granted as to Plaintiff's claim of insufficient COBRA notification and denied as to termination of coverage based upon a pre-existing condition.  Plaintiff's motion for summary judgment is denied.  An order will be entered consistent with this opinion.


Date:   ____August 29, 2005____          /s/ Robert Holmes Bell_____
                                          ROBERT HOLMES BELL
                                          CHIEF UNITED STATES DISTRICT JUDGE